UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RAMON S. SILVA,

                Plaintiff,

     v.

STATE OF WASHINGTON, et al.,

                Defendants.

CASE NO. 3:21-cv-05234-RSM-BAT

**REPORT AND RECOMMENDATION**

Plaintiff, a prisoner at the Washington State Penitentiary, Walla Walla, filed a *pro se* complaint under 42 U.S.C § 1983 against defendants the State of Washington, Governor Jay Inslee, and Washington Secretary of State Kim Wyman alleging his First Amendment rights were violated when he was unable to vote in the November 2020 elections. Dkt. 5. The Court is required to screen complaints filed by prisoners. *See* 28 U.S.C. § 1915A (a). The Court must "dismiss the complaint if it is: (1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

Having screened the complaint, the Court recommends it be **DISMISSED** with prejudice. Although Plaintiff proceed *pro se* leave to amend should not be granted because no amendment would cure the deficient complaint filed in this case.

REPORT AND RECOMMENDATION - 1

**DISCUSSION**

The complaint alleges Plaintiff attempted to register to vote with the Pierce County Elections in February 2020 so he could cast a vote for Donald Trump as president and Rian Ingrim for the 10th Congressional District. Dkt. 5 at 4. The Washington Secretary of State rejected Plaintiff's application under RCW 10.64.140 which prohibits convicted felons from registering to vote. *Id.* at 5. Plaintiff alleges RCW 10.64.140 is unconstitutional because it violates the "First Amendment Freedom of Speech Rights." *Id.* As relief, Plaintiff seeks 23 million dollars "punitive and compensatory damages Declaratory Judgment Permanent Injunction." *Id*. at 9.

The complaint indicates Plaintiff's application to register to vote was denied because he is a convicted felon. Plaintiff is currently a prisoner serving a felony sentence at the Washington State Penitentiary and was a convicted felon when he applied to register. *See State v. Silva* 13 Wash.App.2d 1016 (Div. I, 2020) (Appeal affirming conviction for Second Degree DV Assault which is a felony under RCW 9A.36.021). The complaint also refers to RCW 10.64.140 which states in pertinent part that a defendant's right to vote is lost due to a felony conviction.

Plaintiff's claim his constitutional rights were violated because of his status as a felon fails. The Supreme Court in *Richardson v. Ramirez*, 418 U.S. 24, 94 (1974) made clear state felon disenfranchisement statutes were contemplated by the Fourteenth Amendment to the United States Constitution and, therefore, do not constitute per se violations of the constitutional right to vote. *See also Miller v. Newsom,* 2021 WL 1087462 at * 1-2 (N.D. Cal., March 19, 2021) (Dismissing prisoner's allegation that his Governor Newsom violated his rights by disenfranchising him because he is a convicted felon); *Oluwa v. Secretary of* State, 2006 WL 3147682 at * 3 (E.D. Cal., Nov. 1, 2006) (Dismissing prisoner's allegation the secretary of state

violated his 14th Amendment rights by denying him the right to vote because he is felon in prison); and *Lawrie v. Harris*, 2011 WL 3501000 at * 3 (E.D. Cal. Aug. 9, 2011) (Stating the "First Amendment does not guarantee felons the right to vote.").

In addition, Plaintiff's lawsuit is barred by the Eleventh Amendment. Plaintiff names the State of Washington as a defendant but the State of Washington has not waived its Eleventh Amendment immunity. *See Quern v. Jordan*, 440 U.S. 332, 338, 344-45 (1979); *Whiteside v. State of Wash.*, 534 F. Supp. 774, 778 (E.D. Wash. 1982); RCW 4.92.010. Plaintiff also names two state officials as defendants. A suit against a state official in his or her official capacity is treated as a suit against the State and thus barred under the Eleventh Amendment. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Additionally, an action against a state official in an individual capacity is also considered to be against the state when the state is the real party at interest. *Pennhurst Sate Sch. & Hosp. v. Haldeman*, 465 U.S. 89, 101 (1984). This is the case here because Plaintiff's suit challenges the constitutionality of a state statute. The state is thus the real party at interest and the Eleventh Amendment therefore bars an action brought against the official defendants in their personal capacities.

In sum, the complaint should be dismissed because Plaintiff's claim defendants violated his rights by applying state law that disenfranchises him based upon his status as a convicted felon is unfounded. Further because defendants have not waived their Eleventh Amendment immunity, they cannot be sued in this § 1983 action. No amendment to the complaint will cure these deficiencies and the complaint should therefore be dismissed at this juncture without leave to amend because any amendment would be futile.

REPORT AND RECOMMENDATION - 3

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Plaintiff should not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Objections, limited to 8 pages, may be filed no later than **April 16, 2021.** The Clerk should note the matter for **April 16, 2021**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 2nd day of April 2021.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4